PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PEGGY A. TUCKER, | ) |
| | ) CASE NO. 1:16CV1596 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| ACTING COMMISIONER OF | ) |
| SOCIAL SECURITY | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) [Resolving ECF No. 20] |

An Administrative Law Judge ("ALJ") denied Plaintiff Peggy A. Tucker's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a January 22, 2015 hearing with testimony being offered by Plaintiff and a vocational expert ("VE"). At step four of the sequential analysis, the ALJ found that Plaintiff was able to return to her past relevant work as a small parts assembler. *See* 20 C.F.R. § 404.1520(a)(4) (iv). That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision.[2] After both parties filed briefs, the magistrate judge submitted a

---

[1] Carolyn W. Colvin was the original Defendant. She was sued in an official capacity as a public officer. On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Berryhill's name has been automatically substituted as a party.

[2] The Court referred the case to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On October 3, 2016, the case was reassigned from Magistrate Judge McHargh to Magistrate Judge David A. Ruiz pursuant to General Order 2016-22.

(1:16CV1596)

Report and Recommendation (ECF No. 19) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence, and recommending the Commissioner's decision denying benefits be affirmed. For the reasons set forth below, the Court finds the ALJ's step four finding that Plaintiff could perform her past relevant work is problematic. Therefore, the Commissioner's decision is reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Brown v. Astrue*, 649 F.3d 193, 195-96 (3d Cir. 2011) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229

(1:16CV1596)

(1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which

(1:16CV1596)

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at * 2-3 (E.D. Mich. Aug. 4, 2014). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

Plaintiff's disability claim is based mainly on pain in her knees, ankles, and back. As earlier stated, in order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).

## II.

The Court has reviewed the Report and Recommendation (ECF No. 19) *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 20) and Defendant's Response (ECF No. 21). Plaintiff objects to the portion of the magistrate judge's findings that Plaintiff can

4

(1:16CV1596)

perform the eight-hour sitting requirements of her past job as a small parts assembler as she actually performed it. ECF No. 19 at PageID #: 544-47. Plaintiff argues this finding of the ALJ is not supported by the evidence. According to Plaintiff, the magistrate judge's alternative finding that any error at step four of the sequential analysis was harmless is also inconsistent with the record and with Social Security regulations and rulings, specifically the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, app. 2 Rule 202.04. ECF No. 20 at PageID #: 557-58.

At step four of the sequential analysis, a three-prong test must be met in order to find that a claimant can return to her past relevant work: (1) a finding of fact as to the individual's residual functional capacity ("RFC"); (2) a finding of fact as to the physical and mental demands of the past job; and (3) a finding of fact that the individual's RFC permits a return to that past job. SSR 82-62, 1982 WL 31386, at *4 (1982). The step four determination can be supported by the finding that claimant can perform her past relevant work as "actually performed," or, "as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *2 (1982). At step four, the claimant "bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work" either as previously performed or as generally required in the national economy. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003).

As of January 22, 2015, Plaintiff was 56 years old, five feet two inches tall, and weighed 330 pounds. Transcript of Proceedings (ECF No. 9) at PageID #: 99, 146. She suffers from morbid obesity, osteoarthritis, hypertension, lumbar degenerative disc disease, and type II (non-insulin) diabetes mellitus. ECF No. 9 at PageID #: 90. Plaintiff had past relevant work at Pico as

5

(1:16CV1596)

a small parts assembler. ECF No. 9 at PageID #: 90-91. According to a form completed by Plaintiff (Exhibit No. 5E), "[she] sat all day assembling, wiring, soldering & inspecting units." The assembler job involved *sitting for eight hours*, walking one hour, and standing for zero hours. Work History Report (ECF No. 9) at PageID #: 278. Plaintiff testified during her examination by the ALJ at the administrative hearing:

> Q  You were pretty much seated throughout the day?
> A  Yes.

ECF No. 9 at PageID #: 90. The ALJ also specifically referenced the Work History Report form during his questioning of the VE, who citing the Dictionary of Occupational Titles ("DOT"), :

> Q  Mr. Coleman, could you help us classify that job at Pico?
> A  Yes, I have one from 2E, 3E and 5E in the record and then in the description and also from the testimony, classified as a -- the job title, it would be a small parts assembler. The DOT is 706.684-022 and that's an SVP: 2, unskilled. The strength level is light per DOT and I believe it was performed also from her testimony and also from page 4 and 5E in the description.
> Q  If I found that Ms. Tucker was capable of lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently; able to *sit for six hours out of an eight-hour workday* and able to stand and walk for four hours each; only occasional climbing of ramps and stairs and never any ladder, rope or scaffold; limited to frequent stooping and occasional crouching, kneeling and crawling, would she be able to return to that previous employment?
> A  Yes, Your Honor, the, the essential functions could be performed within those limitations.

ECF No. 9 at PageID #: 104-105.

> Q  Well, what about the job as performed if she did not have to stand at work more than four hours?
> A  Well, then, that was from the testimony, then, then her past work would still be able to be performed.
> Q  Well, she said --
> A  But, but --
> Q  -- in her form that she only -- that she would walk one hour, at most, a

6

(1:16CV1596)

> day.
> A Okay. "And I sat all day, assembly line, sorting, soldering and inspecting." So it was -- as performed it was -- it would be sedentary if she sat all day.
> Q Okay.
> A I'm looking off of 5E, that exertionally it was 20 pounds occasionally and 10 pounds frequently.
> Q And would she be able to return to the job as performed?
> A Yes.
> ALJ: All right.

ECF No. 9 at PageID #: 110. At step four, the ALJ found that Plaintiff remained able to perform her past relevant work as a small parts assembler with the limitations set forth in the RFC:

> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally or 10 pounds frequently. *She can sit for about 6 hours in an 8-hour workday* and can stand and/or walk for about 4 hours of an 8-hour workday. She can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. She can frequently stoop. She can occasionally crouch, kneel, or crawl.**

Decision (ECF No. 9) at PageID #: 73 (bold in original) (emphasis added). Thus, the ALJ determined that Plaintiff was not disabled.

Plaintiff contends that the sitting requirements for a small parts assembler as she actually performed the job, *i.e.* sitting most of the day, exceeded the ALJ's limitations included in the RFC finding. Specifically, Plaintiff asserts that the RFC assessment limited her to sitting six-hours in an eight-hour day, while the small parts assembler position required sitting eight hours per day. ECF No. 20 at PageID #: 553. Indeed, the regulations state that an individual

(1:16CV1596)

who can perform the requirements of light work[3] can perform a job that involves sitting most of the time, unless there are additional limiting factors such as an inability to sit for long periods of time. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983); *Van Winkle v. Comm'r of Soc. Sec.*, 29 Fed.Appx. 353, 357 (6th Cir. Feb. 6, 2002).

In the case at bar, the ALJ assessed an RFC that allowed for Plaintiff to sit "for about 6 hours in an 8-hour workday" and relied on State Agency physician Leigh Thomas, M.D. (ECF No. 9 at PageID #: 77), who opined that Plaintiff could sit for "*[m]ore than* 6 hours on a sustained basis in an 8-hour workday (ECF No. 9 at PageID #: 152 (emphasis added)). Plaintiff has not shown that she has any difficulty sitting for a long period of time. In fact, she testified during the hearing that sitting helps relieve her back pain. ECF No. 9 at PageID #: 101-102. On its face, the ALJ's finding at step four is inconsistent and conflicts with the sitting requirements for a small parts assembler as Plaintiff actually performed the job. Therefore, remand is necessary to allow the ALJ to further inquire into the nature of Plaintiff's work as a small parts assembler, so that her ability to return to that work as actually performed can be properly evaluated relative to the duties of that position. See *Rivera v. Colvin*, No. CV 16-398-PLA, 2016 WL 6072333, at *5-6 (C.D.Cal. Oct. 17, 2016) (remand is warranted when, although the VE addressed the apparent conflict between the SVP[4] requirements of the caregiver occupation as

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[4] Specific Vocational Preparation, which is usually referred to as SVP by the Social Security Administration, refers to the amount of time required to prepare for a specific type of job. DOT, app. C.

(1:16CV1596)

defined and as actually performed, neither the VE nor the ALJ addressed the conflict between plaintiff's mental RFC limitation to "simple routine tasks" and the Reasoning Level 3 skills required for the caregiver position either as generally performed or as plaintiff actually performed it).

Having concluded that remand is necessary for further fact-finding, the Court does not reach Plaintiff's objection regarding the magistrate judge's alternative finding that any error was harmless. *See* ECF No. 19 at PageID #: 546-47.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved and the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 636, 644 (6th Cir. Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 Fed.Appx. at 644. Neither is present in this case. Therefore, evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Accordingly, this matter must be remanded for further administrative action.

### III.

For the reasons set forth above, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, Plaintiff's Objections (ECF No. 20) are

(1:16CV1596)

sustained to the extent that she seeks a remand. The decision of the Commissioner of Social Security is reversed and the matter remanded for further administrative proceedings consistent with this opinion and pursuant to sentence four of 42 U.S.C. § 405(g).

    IT IS SO ORDERED.

| | |
|---|---|
|  September 21, 2017 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |